UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONGSUN KIM and
GWANJUN KIM,

       Plaintiffs,

v.

RICHARD BERNSTEIN, et al.,

       Defendants.
_____/

Case No. 2:24-cv-13151

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

Plaintiffs Tongsun Kim and GwanJun Kim, proceeding *pro se*, are suing the Justices of the Michigan Supreme Court (except Chief Justice Elizabeth Clement) for allegedly violating their constitutional rights. They claim that the Justices erred by denying their two motions for leave to appeal decisions from the Michigan Court of Appeals. In effect, they ask this Court to direct the Michigan Supreme Court to hear their appeals on the merits. However, as explained below, the Kims fail to state a claim upon which relief may be granted, so the case must be dismissed.

**I. BACKGROUND**

The complaint is difficult to parse, but when considered alongside the attached state-court record, it suggests that the Kims are trying to appeal the Michigan

Supreme Court's decision denying the Kims' appeals. The Kims generally claim constitutional error and also sprinkle throughout their complaint allegations of conspiracy by the Justices, abuse of discretion by the trial court, and impropriety by the state-court defendants. *See* ECF No. 1 at PageID.5–6, 11–12.

Specifically, in March 2024, the Kims filed for leave to appeal in the Michigan Supreme Court. In the trial court case, the Kims had sued Magna Mirrors, Tongsun's former employer, for a workplace injury, and the trial court granted summary judgment for Magna. ECF No. 1 at PageID.44–45.[1] On September 13, 2024, the Michigan Supreme Court denied leave to appeal, explaining that "we are not persuaded that the questions presented should be reviewed by this Court." *Kim v. Magna Mirrors of Am., Inc.*, 10 N.W.3d 668 (Mich. 2024).

On November 26, 2024, the Kims filed this complaint, alleging Defendants violated their constitutional rights. ECF No. 1. They also applied to proceed *in forma pauperis*. ECF No. 2. The application supports their claim that they are unable to pay, so it will be granted. However, as explained below, the complaint must be dismissed because it fails to state a claim upon which relief could be granted.

---

[1] The Kims filed two other cases involving several of the same parties that the Michigan Supreme Court also declined to hear. *Kim v. State*, 10 N.W.3d 667 (Mich. 2024); *Kim v. Magna Mirrors of Am., Inc.*, 982 N.W.2d 697 (Mich.), reconsideration denied, 987 N.W.2d 209 (Mich. 2023). In the present complaint, however, the Kims only challenge the above denial of leave to appeal. ECF No. 1 at PageID.4.

## II. STANDARD OF REVIEW

Because the Kims proceed *in forma pauperis*, their claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

The Kims proceed *pro se*, so their pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, the Kims are not immune from compliance with the Civil Rules. Their complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, the complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))

(holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

The complaint generally alleges that the Justices erred by denying leave to appeal. ECF No. 1 at PageID.5. Immediately thereafter, the Kims ask this Court "for entry of an order certifying to the Defendants the constitutionality of state statutes has been drawn in question." *Id.* at PageID.6. In their prayer for relief, the Kims ask that this Court "certify to the intervenor- BERNSTEIN ET AL" that their state court case requires certain outcomes. *See* ECF No. 1 at PageID.21 (seeking order declaring that state-court defendants violated state law and are required to be punished and pay the Kims twenty million dollars). In effect, this Court interprets the complaint as an attempt to appeal the Michigan Supreme Court case and enter judgment for the Kims against Magna, who is not party to this action.[2] Notably though, the suit is against *the Justices* and alleges constitutional violations by them. *Id.* at PageID.5.

---

[2] It is also worth noting that, in parts of the complaint labelled as causes of action, the Kims further allege that: (1) Magna conspired with Chief Justice Elizabeth Clement, (2) Magna conspired with Defendants, (3) Magna conspired with Michigan Workers Compensation Agency Magistrate Chris Slater, (4) Magna conspired with Michigan Workers Compensation Appeals Commissioners Daryl Royal, Duncan McMillan, and Granner Ries, (5) and that one other conspiracy occurred, apparently between the State of Michigan "Office of Administrative Hearing and Rule" and the State of Michigan. ECF No. 1 at PageID.12–17. Because these allegations, other than the second, only allege misconduct by non-parties, they are irrelevant to the present case against the Defendant Justices.

Alternatively, the Kims may be asking this Court to certify a state-law question to the Michigan Supreme Court. Regardless, whether the complaint is interpreted as a *de facto* appeal, a constitutional suit against the Justices, or a request for certification, it must be dismissed.

### A. Appeal of Michigan Supreme Court Judgment

One reasonable interpretation of the Kims' complaint is as an appeal of the Michigan Supreme Court's rulings against them. As a federal district court, however, this Court lacks subject-matter jurisdiction to review state-court decisions on appeal. *See Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001). Specifically, under the *Rooker-Feldman* doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Id.* (quoting *Gottfried v. Med. Plan. Servs.*, 142 F.3d 326, 330 (6th Cir.1998)).

For this reason, this Court may not hear an appeal from the Michigan Supreme Court—or any state court, for that matter. *Id.* Accordingly, this claim will be dismissed for lack of subject-matter jurisdiction under Civil Rule 12(b)(1).

### B. Claims Against Michigan Supreme Court Justices

To the extent this suit could be reasonably construed as alleging constitutional violations by the Justices, it is barred by judicial immunity. Like other judicial officers, the Justices of the Michigan Supreme Court are absolutely immune from

civil liability for their judicial acts. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988); *see also Forrester v. White*, 484 U.S. 219, 225–29 (1988). Indeed, so long as the act of a judge is "judicial" in nature and not taken "in the complete absence of any jurisdiction," absolute immunity applies. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Because judicial immunity is absolute, it applies even when a judicial act is "alleged to have been done maliciously or corruptly." *Serven v. Health Quest Chiropractic, Inc.*, 900 N.W.2d 671, 675 (Mich. Ct. App. 2017) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)).

The act for which the Kims sue—rendering judgment—is undeniably judicial in nature. *Forrester*, 484 U.S. at 227 ("When applied to the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial."). And it makes no difference whether that judgment was wrongful, malicious, or corrupt. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because the Justices' denial of the Kims' appeal was judicial in nature and within their jurisdiction, immunity bars the Kims' suit. As such, their claim fails as a matter of law and must be dismissed.

### C. Certification of Question of State Law

The Kims also argue that "the United States and the Federal Rules of Civil Procedure require the court to certify to the defendants when the constitutionality of

a statute has been questioned." ECF No. 1 at PageID.20 (first citing FED. R. CIV. P. 5.1(b); and then citing 28 U.S.C. § 2403).

The Kims misinterpret these provisions. First, Civil Rule 5.1(b) sets out the procedures by which a party must file a notice of constitutional question and serve such notice on the state attorney general. Only after such filing and service has occurred must the court, under 28 U.S.C. § 2403, certify *to the state attorney general* that a statute has been questioned.

Here, there is no basis for either rule to be invoked. The Kims do not allege that they (1) raised a constitutional challenge to a state statute, (2) filed any notice of constitutional question in accordance with the obligations of Civil Rule 5.1(b)(1), (3) or served any such notice on the appropriate attorney general as required by Civil Rule 5.1(b)(2). Therefore, there is no basis to certify that a statute has been questioned under 28 U.S.C. § 2403. Furthermore, even if this Court were to issue such a certification, it would be directed to the state attorney general—not, as the Kims argue, to the Michigan Supreme Court. *Id.*

While a *different* mechanism exists for a federal court to certify a state-law question to a state supreme court, certification is "most appropriate when the question is new and state law is unsettled." *Id.* (quoting *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)). And whether to do so "is within this court's 'sound discretion.'" *In re Amazon.com, Inc.*, 942 F.3d 297, 300

(6th Cir. 2019) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). But here, the Kims have not articulated *what* law they believe to be unconstitutional and *why*, nor whether their question is new and addresses an unsettled area of law. *See generally* ECF No. 1. Furthermore, the Michigan Supreme Court has already declined to consider the Kims' questions of law. *Kim v. Magna Mirrors of Am., Inc.*, 10 N.W.3d 668 (Mich. 2024). Therefore, there is no basis for certification.

In sum, because no reasonable interpretation of the Kims' complaint states a claim for which relief may be granted, the complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(ii)–(iii).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

2. The Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**; and

3. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**This is a final order and closes the case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/10/2024